United States District Court
Southern District of Texas
**ENTERED**
April 07, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| SAMUEL PEREZ | § | |
| Movant, | § | |
| | § | |
| v. | § | Case No. 1:16-cv-227 |
| | § | (Criminal No. B-11-cr-439-1) |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

**MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

The Court is in receipt of Samuel Perez's pro se "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (hereinafter, Perez's "Motion" or "§ 2255 Motion"). Dkt. No. 1. For the reasons provided below, Perez's § 2255 Motion lacks merit. Therefore, pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, it is recommended that Perez's § 2255 Motion be summarily dismissed with prejudice. Additionally, it is recommended that the Court decline to issue a certificate of appealability.

### I. Jurisdiction

This Court has jurisdiction over Perez's § 2255 Motion pursuant to 28 U.S.C. § 1331 and § 2255.

### II. Procedural History

On July 7, 2011, Perez pleaded guilty to possession with intent to distribute

more than 100 kilograms, that is, approximately 239.77 kilograms (527.5 pounds) of marihuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 18 U.S.C. § 2. *See United States of America v. Samuel Perez*, No. 1:11-cr-439-1, Dkt. No. 29 at 1.[1] On December 6, 2011, United States District Judge Hilda Tagle sentenced Perez to 188 months of imprisonment, a $100 special assessment, and a four-year term of supervised release. *Id.* at 2-4. Judgment was entered on December 16, 2011. *Id.* at 1. Perez did not file a direct appeal. Dkt. No. 1 at 2.

Perez filed his instant § 2255 Motion on June 20, 2016. Dkt. No. 1.[2] In his § 2255 Motion, Perez claims that he is entitled to relief pursuant to *Johnson v. United States*, ___ U.S. ___, 135 S.Ct. 2551 (2015). Dkt. No. 1 at 2. Shortly thereafter, the Court appointed attorney Seth Kretzer to review Perez's claim and provide his professional judgment as to the viability of Perez's alleged *Johnson* claim. *See* Dkt. No. 5. On March 9, 2017, Kretzer filed a "Motion to Withdraw Pursuant to Anders v. California, 386 U.S. 738 (1967)." Kretzer stated therein that, in his professional opinion, no non-frivolous grounds for appeal exist. Dkt. No. 8 at 9.

---

[1] Hereinafter, Perez's criminal case docket entries ("CR Dkt. Nos.") will be referred to only by their docket entry numbers.

[2] Perez indicates that he placed his § 2255 Motion in the prison mailing system on June 20, 2016, but that he needed to resend his Motion because a prison employee failed to properly abide by the procedures for legal mail. Dkt. No. 1 at 15-18. The Court will consider his § 2255 Motion filed on that date. *See generally Spotsville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (noting that, for statute of limitations purposes, a pro se prisoner's application is filed on the day it is placed in the prison mailing system); *United States v. Young*, 966 F.2d 164, 165 (5th Cir. 1992) (applying the mailbox rule to pro se prisoner proceedings under 28 U.S.C. § 2255).

### III. Legal Standards

Pursuant to 28 U.S.C. § 2255, a defendant may move to vacate, set aside or correct his sentence if: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the district court was without jurisdiction to impose the sentence; (3) the sentence imposed was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). The nature of a § 2255 collateral challenge is extremely limited, being reserved for instances of constitutional or jurisdictional magnitude. *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). If an error is not of constitutional magnitude, the movant must show that the error could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).

### IV. Discussion

Perez claims that he is entitled to § 2255 relief pursuant to *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015). Dkt. No. 1 at 2. In *Johnson*, the Supreme Court reviewed a lower court's application of 18 U.S.C. § 924(e), the Armed Career Criminal Act ("ACCA"). *Johnson*, 135 S. Ct. 2551, 2555. The ACCA requires federal courts to impose a minimum fifteen-year term of imprisonment upon repeat offenders who are convicted of unlawfully possessing a firearm under 18 U.S.C. § 992(g). 18 U.S.C. § 924(e). In relevant part, the ACCA provides:

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court . . . for a violent felony or a serious drug offense, or both, committed on occasions different from

one another, such person shall be . . . imprisoned not less than fifteen years[.]

18 U.S.C. § 924(e)(1).

The ACCA provides six definitions for the term "violent felony." 18 U.S.C. § 924(e)(2)(B)(i)-(ii). A violent felony is any crime that: (1) "has as an element the use, attempted use, or threatened use of physical force against another person;" (2) constitutes burglary; (3) constitutes arson; (4) constitutes extortion; (5) involves the use of explosives; or (6) "otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.* "Courts have coined the first definition the 'force clause'; and the sixth definition, the 'residual clause.'" *United States v. Curry*, No. CR 10-111, 2015 WL 8478192, at *1 (E.D. La. Dec. 10, 2015) (citing *United States v. Davis*, 487 F.3d 282, 285 (5th Cir. 2007)).

The Supreme Court in *Johnson* held that imposing an increased sentence under the residual clause of the ACCA is a violation of due process because the clause is unconstitutionally vague. *Johnson*, 135 S. Ct. 2551, 2557 ("[T]he residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges. Increasing a defendant's sentence under the clause denies due process of law."). The Court did not reach the issue of whether its ruling would apply retroactively. *Id.* at 2551; *see also Santiago Valdez v. United States*, No. 4:11-CR-065-A, 2015 WL 9593627, at *1 (N.D. Tex. Dec. 31, 2015) (recognizing that the Supreme Court in *Johnson* did not address retroactivity). On April 18, 2016, however, the Supreme Court held that the rule in *Johnson* is retroactively applicable. *Welch v. United States*, ___ U.S. ___ 136 S. Ct. 1257, 1268 (2016).

Unfortunately for Perez, *Welch* and *Johnson* do not apply to his case. As noted above, the Supreme Court in *Johnson* reviewed the lower court's application of § 924(e) to Johnson's sentence. *Johnson*, 135 S. Ct. 2551, 2555. In Perez's case, the Court did not sentence him pursuant to § 924(e). In fact, the Court did not apply any enhancement for the use or possession of a firearm. *See* CR Dkt. No. 22 at 5-6 (Final Presentence Investigation Report); CR Dkt. No. 29 (Judgment); CR Dkt. No. 30 (Statement of Reasons, adopting the Final Presentence Investigation Report ("PSR") "without change"). The PSR did state, however, that Perez is a career offender pursuant to U.S.S.G. § 4B1.1. As a result, the PSR recommended that his offense level be increased to 34 from 23, as originally calculated. CR Dkt. No. 22 at 6. Under § 4B1.1, a defendant is subject to enhancement, and consequently an increased offense level, if the defendant has, in part, two prior felony convictions for either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1(a).

In *Beckles v. United States*, the Supreme Court recently held that advisory sentencing guidelines are not subject to vagueness challenges under the due process clause. *See Beckles v. United States*, No. 15-8544, slip op. at 5, 580 U.S. ___ (2017). Specifically, *Beckles* held that § 4B1.2(a)'s residual clause was not subject to a vagueness challenge under the Due Process Clause because the advisory nature of the guideline provisions do not implicate the same concerns that are present in statutory sentencing requirements. *See id.* at 7-10. Thus, the holding in *Johnson* does not provide Perez with a right to § 2255 relief, and his Motion should be denied.

## V. Certificate of Appealability

A certificate of appealability shall not issue unless the petitioner/movant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires a "showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (internal quotations and citations omitted). Said another way, where claims have been dismissed on the merits, the movant/petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. at 484. Where claims have been dismissed on procedural grounds, the movant/petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*.

District courts may deny certificates of appealability sua sponte, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). A certificate of appealability should not issue in this case because Perez has not made a substantial showing of the denial of a constitutional right.

## VI. Recommendation

It is recommended that Perez's § 2255 Motion be summarily dismissed with

prejudice pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.  Additionally, it is recommended that the Court decline to issue a certificate of appealability.

### VII.  Notice to Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Signed on this 7th day of April, 2017.

_____
**Ignacio Torteya, III**
**United States Magistrate Judge**